
FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:01 am, May 27, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN CARLOS LOPEZ,

    Plaintiff,

v.

WARE STATE PRISON WARDEN,

    Defendant.

CIVIL ACTION NO.: 5:19-cv-20

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

In October 2017, Plaintiff woke up in his cell when he heard commotion coming from an emergency lockdown. Doc. 1 at 3. Although there was an emergency lockdown, Plaintiff noticed the door to his cell was not all the way closed. Id. Another unknown inmate, wearing a full-face covering, entered Plaintiff's cell armed with a belt that had a metal lock attached to one

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

end.  Id.  The unknown inmate began beating Plaintiff's cellmate with the makeshift weapon, striking him in the head several times.  Id.  Six to eight other unknown inmates then entered Plaintiff's cell and began stabbing him and his cellmate with improvised weapons.  Id. at 4.  The group of unknown inmates left Plaintiff's cell, leaving only the unknown inmate wielding the improvised weapon, who began beating Plaintiff.  Id.  Plaintiff was able to escape his cell only to find the group of unknown imates outside waiting for him.  Id.  The group of inmate again began stabbing Plaintiff.  Id.  Plaintiff escaped these inmates and began running until he eventually ran into guards responding to the incident.  Id.  These guards handcuffed Plaintiff and placed him in a shower cell to wait until he could be transported to medical.  Id.  During the entire incident and while waiting in the shower cell, Plaintiff was bleeding profusely.  Id.  While waiting, Plaintiff noticed the guards appeared to have forgotten about him, as they repeatedly passed without assisting him.  Id.  Plaintiff screamed to get the attention of the guards and was eventually brought to medical.  Id.  Plaintiff was treated for 19 stab wounds and states he has since lost his sense of smell.  Id. at 5.

Prior to the incident, Plaintiff had written to an unnamed counselor and "Deputy Warden CJ", requesting transfer because his housing unit had a majority of Gangster Disciple and Blood gang members, and he was worried about being assualted.  Id.  Plaintiff states he was housed with the highest-security inmates even though he was a medium-security inmate.  Id.  Plaintiff seeks unspecified monetary relief.  Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the

complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Plaintiff's Claims Against Defendant Warden of Ware State Prison**

The Warden of Ware State Prison is the sole remaining Defendant in this action. Doc. 1 at 3; Doc. 5 (dismissing Defendant Deal, the only other named Defendant in this action). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an un-adorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678

3

(citations omitted).  Here, Plaintiff provides no facts related to the Warden or his involvement in the alleged events.  Further, Plaintiff cannot base his claims entirely upon the Warden's supervisory position.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1988).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Braddy, 133 F.3d at 802.  Here, Plaintiff has not provided any facts relating to the Warden's conduct including any facts alleging personal participation or a causal connection.  Accordingly, I **RECOMMEND** the Court **DISMISS** the claims against Defendant Ware State Prison Warden.

**II.     Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka,

4

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 27th day of May, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA